IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEVE STRAUSBAUGH**                                   **PLAINTIFF**

v.                                         Civil No. 1:12-cv-00317-HSO-RHW

**BANK OF AMERICA,**
**BRYAN MOYNIHAN,**
**THOMAS MONTAG, and**
**BRUCE THOMPSON**                                   **DEFENDANTS**

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO SUSPEND CASE TO RESUBMIT COMPLAINT INTENDED FOR THIS COURT

BEFORE THE COURT is the Motion to Dismiss [2], pursuant to FED. R. CIV. P. 12(b)(6), filed by Defendants Brian Moynihan, Thomas Montag, Bruce Thompson ("Individual Defendants), and Bank of America. Bank of America represents that it is more properly identified as FIA Card Services, N.A. ("FIA") and therefore will be referred to as FIA. *Pro se* Plaintiff Steve Strausbaugh has filed a Response to Defendants' Motion to Dismiss [5], and Defendants a Reply [6]. Plaintiff has furthermore filed a document [7] entitled "Plaintiff's Reply to Defendants' Reply," though Plaintiff did not request or receive leave of Court to file a surrebuttal, and this document is therefore not properly before the Court.

Also before the Court is Plaintiff's Motion [8] entitled "Motion to Suspend Case to Resubmit Complaint Intended for this Court." Defendants have filed a Response [9] and acknowledge that Plaintiff's Motion [8] "appears to be a motion for leave to amend his Complaint." Defs.' Resp. [9] to Mot. to Am. Compl. at p. 1. Defendants

oppose the Motion to Amend, submitting that the time for amendment as a matter of course has expired, Plaintiff did not provide an amended complaint with his Motion, and he has "no[t] pointed to any additional factual allegations that he intends to assert which might overcome the failings of his original Complaint." Defs.' Resp. to Mot. to Am. Compl. [8] at p. 1. Subsequent to Defendants' Response, Plaintiff filed an Amended Complaint [10], although he was not given leave of Court to do so.

After consideration of the parties' submissions, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion to Dismiss [2] should be denied, and Plaintiff's Motion [8] to Suspend Case to Resubmit Complaint Intended for this Court should be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that FIA continued to report an account attributable to him as delinquent to national credit reporting agencies after he informed it that he did not authorize the account. Pl.'s Compl. [1-2] at p. 1, Ex. A to Defs.' Not. of Removal [1]. He maintains that "Defendants [have] refuse[d] to provide the original credit application for this account which will clarify immediately if this account was authorized by me." *Id.*

Defendants contend that Plaintiff's Complaint should be dismissed because it "identifies no causes of action based on the factual allegations and fails to state any claim on which relief could be granted." Defs.' Mem. [3] in Supp. of Mot. to Dismiss [2] at p. 1. They submit that "[i]nsofar as [Plaintiff] intends to assert state law claims based upon inaccurate or erroneous credit reporting, such claims are preempted by

the Fair Credit Reporting Act," and "any state claims, should be dismissed." *Id.* Defendants allege that Plaintiff's suit should be dismissed because he has "failed to plead the necessary elements [for an FCRA claim] . . . ." *Id.* They maintain that a plaintiff must plead the following elements in order to avoid a Rule 12(b)(6) dismissal:

> the consumer dispute[d] to a credit reporting agency, the accuracy or completeness of information being reported by the agency about the consumer's account with the furnisher, the agency delivers notice of the complaint to the furnisher, the furnisher fails to conduct a reasonable investigation of the dispute, the furnisher continues to report inaccurate or incomplete information about the account to the agency, and the agency also continues to report the inaccurate or incomplete information.

*Id.* at p. 6. Defendants further argue that Plaintiff "provides no basis whatsoever for any purported claims against the Individual Defendants." *Id.*

Plaintiff admits in his Response to Defendants' Motion to Dismiss that he is not pursuing state law causes of action. Pl.'s Resp. [5] to Defs.' Mot. to Dismiss [2] at p. 1. He submits that he is alleging "[willful] violation of the Fair Credit Reporting Act among other Federal consumer laws." *Id.* at pp. 1-2. He maintains that Individual Defendants are liable to him because they "are all officers" and responsible for the actions of FIA. *Id.*

## II. DISCUSSION

A. <u>Defendants' Motion to Dismiss</u>

1. <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045,

1050 (5th Cir. 1982). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

    2.    <u>Analysis of Plaintiff's Pleadings</u>

"A *pro se* complaint is to be construed liberally," but it "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Furthermore, "[p]leadings must be construed so as to

do justice." FED. R. CIV. P. 8(e).  Construing Plaintiff's Complaint liberally, the Court is not prepared to say that Plaintiff has failed to set forth facts giving rise to a claim on which relief may be granted, particularly in light of Defendants' acknowledgment that Plaintiff's allegations are preempted by the FCRA, and their admission that a furnisher can be found liable under the FCRA for reporting inaccurate or incomplete information.  Defendants take the position that a plaintiff must plead all elements of an FCRA claim in his or her Complaint.  The authority Defendants cite, however, does not stand for this proposition.  These cases set forth the elements that ultimately must be proven in order to prevail on certain FCRA claims but do not provide that these elements must be pleaded in a complaint.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[T]he statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson,* 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's Complaint is sufficient to satisfy Rule 8(a)(2).

Individual Defendants submit that they should be dismissed because the Complaint "fails to even allege any facts which could conceivably form the basis of any claims against the Individual Defendants" and "points to no duty or requirement under any law or contract that any Individual Defendant owed to him."  Defs' Mem. [3] in Supp. of Mot. to Dismiss at pp. 6-7.  Defendants have offered no authority in support of their argument that the Individual Defendants cannot conceivably be liable under the FCRA and "other Federal consumer laws."  Therefore, they should

not be dismissed at this juncture. Defendants' Motion to Dismiss should be denied.

B.  Plaintiff's Motion to Suspend Case to Resubmit Complaint Intended for this Court

The Court construes this Motion [8] as one to amend the complaint. With respect to amendments to pleadings, Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Where the time for amending as a matter of course pursuant to Rule 15(a)(1) has expired, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2) "A district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)(citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

> The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ."
>
> . . . .
>
> Additionally, leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when

-6-

amendment would be futile.

*Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003) (internal citations omitted).

While leave to amend is not automatic, *Goldstein,* 340 F.3d at 254, the Court is of the opinion that it is appropriate here. In this case, the Motion seeking amendment is the first such motion filed by Plaintiff. There is no evidence or suggestion of bad faith or undue delay on the part of Plaintiff, and Defendants would not be prejudiced by an amendment at this stage of the proceedings. Although Defendants argue that an amendment to Plaintiff's Complaint is futile, the Court is of the opinion that, based upon the pleadings before it and Plaintiff's *pro se* status, it is in the interest of justice for the Court to exercise its broad discretion under Rule 15 and permit Plaintiff to amend his Complaint. Plaintiff's Motion [8] to Suspend Case to Resubmit Complaint Intended for this Court should be granted. Though Plaintiff was not granted leave to amend his Complaint prior to filing an Amended Complaint [10], the Court will grant Plaintiff leave out of time and will not strike his Amended Complaint [10]. Defendants must answer Plaintiff's Amended Complaint within 21 calendar days of the entry of this Order.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss [6] filed by Defendants Bank of America, Brian Moynihan, Thomas Montag, and Bruce Thompson, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [8] to

Suspend Case to Resubmit Complaint Intended for this Court, filed by Plaintiff Steve Strausbaugh, is **GRANTED**. The Court grants Plaintiff Strausbaugh leave to amend his Complaint out of time. His Amended Complaint [10] shall not be stricken. Defendants must answer Plaintiff's Amended Complaint [10] within 21 calendar days of the entry of this Order.

**SO ORDERED AND ADJUDGED**, this the 1st day of February, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE